IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JEFFREY M. TRINWITH,

    Plaintiff,

v.

SUSAN FRAZIER, MD, SUSAN
COURTNEY, MONIOC FOX, and
PAUL DAVID,

    Defendants.

OPINION and ORDER

Case No. 19-cv-558-wmc

*Pro se* plaintiff Jeffrey M. Trinwith has filed a proposed civil complaint against defendants Susan Frazier, Susan Courtney, Monioc Fox and Paul David, all of whom appear to either be employed at the Aspirus Clinic in Rib Lake, Wisconsin, or are affiliated with that clinic. Since filing his complaint, Trinwith has also submitted multiple supplements, which seek to elaborate on his claims and name additional health care professionals handling his medical care at Mayo Clinic. (Dkt. ##7-16.) Further, Trinwith apparently seeks to proceed against all of these individuals on state law claims related to the fallout associated with defendant Frazier's decision to remove him from the clinic.

Because Trinwith is proceeding without prepayment of the filing fee, the court is required to screen the complaint under 28 U.S.C. § 1915 to determine whether he may proceed with the case. Although Trinwith is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the court must dismiss this lawsuit for lack of subject matter jurisdiction.

1

OPINION

A federal court is one of limited jurisdiction.  Generally, this court may only consider cases:  (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in suit are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332.  The court plainly does not have jurisdiction over this case under 28 U.S.C. § 1331, as Trinwith has identified *no* federal claims in his complaint, nor can this court discern one from the facts alleged.  For example, Trinwith does not allege that any of the defendants are governmental actors, so he cannot bring claims against them under 42 U.S.C. § 1983, nor do his proposed claims implicate any provision of the United States Constitution or federal statute.

Instead, Trinwith alleges that Frazier committed a crime in the handling of his medical records while he was at the Aspirus Clinic, and that nurses Courtney and Fox and Aspirus's attorney ("David") were somehow complicit in that crime, as well as precluding Trinwith access to all of the Aspirus Clinics.[1]  He further claims that Frazier wanted to make "her own diagnosis" about a medication that a urologist put him on, and she wanted to do labs on his urine because "she was after" his drivers' license.  Frazier also allegedly entered information in Trinwith's medical records that continues to harm him when he seeks treatment at other facilities.  Trinwith believes this is slander and retaliation for his

---

[1] To the extent Trinwith believes that he can pursue a claim under the Health Insurance Portability and Accountability Act ("HIPAA"), that belief is mistaken, since HIPAA does not create a private cause of action or an enforceable right available in a private civil suit. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) (citing *Dodd v. Jones*, 623 F.3d 563, 569 (8th Cir. 2010); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010); *Ancara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006); *Kobishop v. Marinett Cty. Sheriff's Dep't*, 2013 WL 3833990, at *2 (W.D. Wis. July 24, 2013).

previous complaints against care providers at Aspirus. The basis of his proposed claims are unclear, but they appear to sound in state tort law, if any.

As already noted, a federal court can generally exercise jurisdiction over state law claims if there is complete diversity jurisdiction under 28 U.S.C. § 1332 and at least $75,000 is at stake, but Trinwith and at least one of the principal defendants -- Frazier -- are *both* citizens of Wisconsin. Specifically, Trinwith alleges that (1) he is a citizen of Wisconsin, and lives in Wisconsin Rapids, Wisconsin, and (2) Frazier is also a citizen of Wisconsin.

Accordingly, this court lacks subject matter jurisdiction over Trinwith's claims, and his complaint must be dismissed. If Trinwith wishes to pursue a claim related to defendants' actions at the clinic, he must do so in state court.

ORDER

IT IS ORDERED that plaintiff Jeffrey Trinwith's complaint is DISMISSED for lack of subject matter jurisdiction. The clerk of court is directed to close this case.

Entered this 28th day of May, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge